UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL R.J. PRICE,

    Plaintiff,

    v.

FEDERAL HOME LOAN MORTGAGE CORP.,

    Defendant.
    _____/

CASE NO. 4:12-CV-12012
JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE PAUL KOMIVES

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (docket #11)

I.    RECOMMENDATION: The Court should grant defendant's motion to dismiss.

II.    REPORT:

A.    *Background*

On June 13, 2008, plaintiff Crystal R.J. Price, with her then-husband Fred J. Price, Jr., granted a mortgage to Bank of America, N.A. (BANA) on their property located at 11425 Wahram Street, Romulus, Michigan. The mortgage was granted as security on a loan in the amount of $127,920.00. *See* Def.'s Mot. to Dismiss, Ex. A. Despite attempts by plaintiff to obtain a loan modification, BANA commenced a foreclosure by advertisement, and a sheriff's sale took place on July 27, 2011. Defendant Federal Home Loan Mortgage Corporation (Freddie Mac) purchased the property at the sheriff's sale for $136,232.77. *See* Def.'s Mot. to Dismiss, Ex. B. On February 9, 2012, Freddie Mac commenced an eviction proceeding in the 34th District Court. Plaintiff filed an answer that raised two counterclaims: (1) wrongful foreclosure, failure to evidence record chain of

1

title, and breach of contract; and (2) violation of HAMP and U.S. Treasury Department regulations. The state court subsequently entered an order severing plaintiff's counter-claims, realigning the parties so that plaintiff became the plaintiff in that action, and transferring those claims to the Wayne County Circuit Court. On May 3, 2012, defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), 1446.

The matter is currently before the Court on defendant's motion to dismiss, filed on July 11, 2012. Defendant contends that it is entitled to dismissal because: (1) plaintiff lacks standing to challenge the sheriff's sale or to claim any interest in the property; (2) plaintiff's claims are barred by the doctrine of laches; (3) plaintiff's claims are barred by the statute of frauds; (4) plaintiff's claim based on BANA's failure to evidence record chain of title fails as a matter of law; and (5) BANA did not violate HAMP because it had no statutory duty to provide plaintiff with a loan modification. Plaintiff, proceeding *pro se*, filed a response to the motion on August 10, 2012, in which she appears to assert fraud claims against defendant. Defendant filed a reply on August 24, 2012.

B.     *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See*

*Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
> 
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
> 
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

> provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).[1]

To the extent that plaintiff alleges fraudulent conduct on the part of defendants, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

---

[1] A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Although MERS has attached some matters outside the pleadings, it argues the matter solely as one relating to the sufficiency of plaintiff's complaint, not to the existence or lack thereof of any genuine issues of material fact. Thus, in the analysis which follows I consider only the allegations of the complaint under the Rule 12(b)(6) standard, and do not consider the documents submitted by MERS. Accordingly, the Court need not consider defendants' motion as one for summary judgment under Rule 56. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ("Where . . . the court simply refers to supplementary material [in its recitation of the factual background of the case], but does not rely on them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment."); *cf. Little Gem Life Servs., LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 916 (8th Cir. 2008).

FED. R. CIV. P. 10(c). Thus, the Court may consider the exhibits attached to plaintiff's complaint in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996). Further, "[a] court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim" without converting the motion to dismiss into one for summary judgment. *Welch v. Decision One*, No. 12-10045, 2012 WL 4008730, at *2 (June 25, 2012) (Randon, M.J.) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *magistrate judge's report adopted*, 2012 WL 4020976 (E.D. Mich. Sept. 12, 2012) (Rosen, J.); *see also*, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008). More specifically, "[i]n an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents 'exchanged between plaintiff [and her] mortgage lender at the time of the transaction at issue.'" *Welch*, 2012 WL 4008730, at *2 (quoting *Marshall-Ford v. Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524, at *1 n.3 (E.D. Mich. Aug. 31, 2009) (Rosen, J.). Thus, the court may consider the mortgage documents attached to defendant's motion without converting the motion into a motion for summary judgment.

C.     *Analysis*

   1.     *Foreclosure (Count I)*

In her first count, plaintiff asserts that the mortgage was wrongfully foreclosed and that BANA failed to establish a record chain of title. Plaintiff lacks standing to assert this claim.

Under Michigan law, a property owner in default has six months following a foreclosure sale in which to redeem the property by paying the amount owing, *see* MICH. COMP. LAWS § 600.3240(8), and once this period expires "all of plaintiff's rights in and title to the property are extinguished." *Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *see also*, MICH. COMP. LAWS § 600.3236. Thus, "[u]pon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing." *Awad v. General Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012). Although plaintiff undoubtedly had standing under Article III of the Constitution, because her claims are in this Court based on the diverse citizenship of the parties, plaintiff must also satisfy any state law standing requirements applicable to her claim. *See Williams v. Pledged Property II, LLC*, ___ Fed. Appx. ___, ___ n.2, 2012 WL 6200270, at *2 n.2 (6th Cir. Dec. 13, 2012). Because plaintiff did not redeem within the six month redemption period, plaintiff lacks standing under state law to pursue her state law claims challenging the foreclosure and sheriff's sale. *See id.* at *3.

Moreover, even if she had standing, plaintiff does not allege any facts to show that the foreclosure was improper. Michigan law provides that

> a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent

of the mortgage.

MICH. COMP. LAWS § 600.3204(1). The foreclosure by advertisement statute further provides that "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id*. § 600.3204(3). Plaintiff does not allege that any of the requirements of § 600.2304(1) were not satisfied. She does allege that defendant failed to establish a record chain of title under § 600.3204(3), but defendant did not foreclose on the mortgage; rather the mortgage was foreclosed by BANA. BANA was the original mortgagee, and thus no record chain of title evidencing an assignment was necessary. Accordingly, the Court should dismiss Count I of plaintiff's complaint.

    2.     *Loan Modification (Count II)*

Plaintiff also argues that BANA violated the Home Affordable Modification Program (HAMP) and its accompanying regulations, as well as state law, in failing to provide her with a loan modification. HAMP and its accompanying regulations, however, do not require mortgage servicers to modify loans, *see Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010) (Duggan, J.), and even if it did neither the statute nor the accompanying regulations provide a plaintiff with a private right of action against a mortgage servicer, *see id.*; *see also*, *Ahmad v. Wells Fargo Bank, N.A.*, 861 F. Supp. 2d 818, 826-30 (E.D. Mich. 2012) (Cox, J., adopting Report of Michelson, M.J.). Nor did plaintiff have any right to a modification under state law. At most, BANA's failure to offer a loan modification could have entitled plaintiff to convert the foreclosure by advertisement into a judicial foreclosure. *See PNC Mortgage v. Lambert*, No. 302178, 2012 WL 1367575, at *6 (Mich. Ct. App. Apr. 19, 2012).

To the extent plaintiff contends that BANA agreed to a modification of the loan, any such claim is barred by Michigan's statute of frauds, which provides that "[a]n action shall not be brought against a financial institution to enforce . . . [a] promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan," unless "the promise or commitment is in writing and signed with an authorized signature by the financial institution." MICH. COMP. LAWS § 566.132(2)(b). This provision "precludes a party from 'bringing a claim–no matter its label–against a financial institution to enforce the terms of an oral promise.'" *Ahmad*, 861 F. Supp. 2d at 830 (quoting *Crown Technology Park v. D & N Bank, FSB*, 242 Mich. App. 538, 619 N.W.2d 66, 72 (2000)). Plaintiff does not allege that BANA agreed in writing to a modification of her loan.

3.  *Fraud*

In her response to defendant's motion, plaintiff asserts that defendant committed fraud. To the extent plaintiff is attempting to assert a fraud claim, defendant is entitled to dismissal of the claim for two reasons. First, plaintiff did not raise a fraud claim in her state court counterclaims. A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's motion to dismiss. *See Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). Second, plaintiff does not allege, as required by Rule 9(b), who made fraudulent statements or omissions, what those statements were, when they were made, or how she relied on them to her detriment. Plaintiff's conclusory allegations of fraud are insufficient to state a claim. *See Harvey v. PNC Bank*, No. 12-CV-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (Hood, J.); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *10 (E.D. Mich. May 25, 2012) (Rosen, J.). Accordingly, defendant is entitled to dismissal of the fraud claim.

D.	*Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the Court should grant defendant's motion to dismiss.

III.	NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J .Komives
PAUL J. KOMIVES

                                  UNITED STATES MAGISTRATE JUDGE

Dated: 1/17/13

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 17, 2013.
>
>                               <u>s/Eddrey Butts</u>
>                               Case Manager