UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL R.J. PRICE,

       Plaintiff,                          Civil Action No.
                                            12-CV-12012

vs.

                                            HON. MARK A. GOLDSMITH

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT WITH THIS OPINION AND ORDER, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, and DENYING OTHER OUTSTANDING MOTIONS AS MOOT**

       This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Paul J. Komives, issued on January 17, 2013 (Dkt. 25). The Magistrate Judge recommends that Defendant Federal Home Loan Mortgage Corporation's motion to dismiss (Dkt. 11) be granted. Plaintiff has filed objections to the R&R. The Court reviews de novo those portions of the R&R to which an objection has been made. See Fed. R. Civ. P. 72(b). For the reasons that follow, the Court overrules Plaintiff's objections and grants Defendant's motion to dismiss.

       The background of the case is briefly summarized here. On June 13, 2008, Plaintiff and her then-husband granted a mortgage to Bank of America, N.A. (BOA) relating to the property in Romulus, Michigan that is the subject of this litigation. See Mortgage (Dkt. 11-2). Plaintiff subsequently defaulted on the mortgage, foreclosure by advertisement occurred, and the property was sold to Defendant at a sheriff's sale on July 27, 2011. See Sheriff's Deed on Mortgage Sale (Dkt. 11-3). The six-month redemption period expired on January 27, 2012; Plaintiff did not redeem. Id.

Following the expiration of the redemption period, Defendant initiated eviction proceedings against Plaintiff in 34th District Court, State of Michigan. Plaintiff then filed a counterclaim, which is discussed in more detail below. See Answer to Complaint, Affirmative Defenses, and Counterclaim (Dkt. 1-2). The matter was transferred to Wayne County Circuit Court, and Defendant removed the case to this Court. See Stipulated Order (Dkt. 1-3); Notice of Removal (Dkt. 1).[1]

In her counterclaim, which was filed on Plaintiff's behalf by her former counsel, Plaintiff describes alleged behavior by BOA, which, if true, may be disturbing, but ultimately not legally actionable. Plaintiff alleges that she contacted BOA before she defaulted on her mortgage to express her concerns regarding financial difficulties she was having, and request assistance to avoid foreclosure. Counterclaim ¶ 3. Plaintiff was allegedly told to: (i) submit various papers in support of her request for assistance, (ii) continue making her mortgage payments, and (iii) call BOA "sometime in November 2009." Id. ¶ 6. She alleges that when she called BOA in November 2009, as instructed, she was told that she did not qualify for assistance because she had continued making her mortgage payments. Id. ¶ 7.

Later that month, Plaintiff alleges that she called BOA again and spoke to a representative in the "Home Ownership Protection Department," who requested that Plaintiff re-submit the documents that she had previously submitted. Id. ¶ 8. Plaintiff alleges that these documents were inexplicably lost by BOA and re-submitted by Plaintiff multiple times in April through June 2010. Id. ¶¶ 11-14.

Plaintiff alleges that, in December 2010, she was finally approved to enter into a trial period plan under the Home Affordable Modification Program (HAMP), but that her then-husband refused to sign the paperwork. Id. ¶¶ 17-18. Although Plaintiff alleges that she was

---

[1] Although Plaintiff was named as a defendant in the state-court eviction, only her counterclaim was transferred to Wayne County Circuit Court and then removed to this Court. For this reason, her status became that of a plaintiff.

2

advised by letter that her husband was not cooperating with her attempt to seek a loan modification, Plaintiff was allegedly told by a BOA representative that "everything is OK." Id. ¶¶ 19-20.  Nonetheless, on June 4, 2011, Plaintiff was allegedly told by BOA that her request for a loan modification had been "withdrawn."  Id. ¶ 21.

Plaintiff further alleges that, several weeks before the sheriff's sale, she was invited to re-apply for a loan modification.  Id. ¶ 22.  According to Plaintiff, she submitted the requested documents but was informed that "there are no available workout options based on the financial information that was provided."  Id. ¶ 23.  The sheriff's sale followed.  Id. ¶ 25.

Plaintiff's counterclaim contains two counts.  In the first count, Plaintiff alleges that Defendant violated an unspecified provision of Michigan's foreclosure by advertisement statute, Mich. Comp. Laws § 600.3204, by "fail[ing] to evidence 'record chain of title' prior to conducting the Sheriff's sale."  Id. ¶ 27.  In the second count of the counterclaim, Plaintiff alleges that Defendant violated HAMP by failing to grant her a loan modification.  Id. ¶ 38.

Regarding Plaintiff's second count, the Magistrate Judge concluded that HAMP does not require mortgage servicers to modify loans, see R&R at 7 (citing Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 748 (E.D. Mich. 2010)), and that, even if it did, HAMP does not provide for a private right of action.  See R&R at 7 (citing Ahmad v. Wells Fargo Bank, N.A., 861 F. Supp.2d 818, 826-30 (E.D. Mich. 2012)).  The Magistrate Judge further concluded that, "[t]o the extent [P]laintiff contends that [BOA] agreed to a modification of the loan [and then breached that agreement], any such claim is barred by Michigan's statute of frauds, which provides that '[a]n action shall not be brought against a financial institution to enforce . . . [a] promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan,' unless 'the promise or commitment is in writing and signed with an authorized signature by the financial institution.'"  R&R at 8 (quoting Mich. Comp. Laws § 566.132(2)(b)).

3

Upon de novo review of this matter, the Court agrees entirely with the Magistrate Judge's analysis and conclusion regarding Plaintiff's HAMP claim, and dismisses that claim for the reasons stated by the Magistrate Judge.

Regarding Plaintiff's first count for wrongful foreclosure, the Magistrate Judge concluded that Plaintiff "lacks standing under state law to pursue her state law claims challenging the foreclosure and sheriff's sale" because "[P]laintiff did not redeem within the six month redemption period." R&R at 6. The Magistrate Judge further concluded that, because BOA "was the original mortgagee, no record chain of title evidencing an assignment was necessary." Id. at 7 (citing Mich. Comp. Laws § 600.3204(3)).[2] Finally, the Magistrate Judge concluded that Plaintiff did not sufficiently allege fraud because, first, fraud was not raised in her counterclaim itself – but rather was raised for the first time in her response to Defendant's motion to dismiss, and, second, "[P]laintiff does not allege, as required by Rule 9(b), who made fraudulent statements or omissions, what those statements were, when they were made, or how she relied on them to her detriment." R&R at 8.

Upon de novo review of the Magistrate Judge's analysis and conclusion on count one of Plaintiff's counterclaim, the Court agrees with the Magistrate Judge with one caveat: The Court does not agree with the Magistrate Judge's conclusion that Plaintiff lacks standing to pursue her wrongful foreclosure claim. See El-Seblani v. IndyMac Mortg. Servs., 2013 WL 69226, at **3-4 (6th Cir. Jan. 7, 2013) (discussing "[t]he confusion over 'standing'" regarding a mortgagor's right to assert claims after the redemption period). Rather, the proper analysis is that, although Plaintiff has standing, she has failed to allege any facts supporting a plausible claim that she is entitled to an equitable extension of her redemption period. See id. (citing Michigan law for the proposition that the standard for obtaining an

---

[2] Section § 600.3204(3) provides: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."

equitable extension is "stringent," and that setting aside a statutory foreclosure "would require a strong case of fraud or irregularity" "relat[ing] to the foreclosure procedure itself"). Here, the counterclaim does not contain facts even arguably supporting such a claim. Notably, the only irregularity alleged involves the purported failure to evidence chain of title, but that claim is not viable for the reasons stated by the Magistrate Judge; namely, the foreclosing party was the original mortgagee and, thus, § 600.3204(3) is not operative.

As noted, Plaintiff has filed objections to the R&R.[3] The Court has reviewed the objections, which are confusing, barely comprehensible, and consist mostly of irrelevant legal conclusions. Furthermore, Plaintiff fails to identify any specific issue ruled on by the Magistrate Judge to which she objects, thereby waiving any bona fide objection she may have had. See Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (quoting a Fifth Circuit case for the proposition that "[t]he parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider'").

Defendant's motion to dismiss (Dkt. 11) is granted; all other outstanding motions are denied as moot.

SO ORDERED.

Dated:  March 13, 2013                           s/Mark A. Goldsmith
           Flint, Michigan                              MARK A. GOLDSMITH
                                                        United States District Judge

---

[3] Plaintiff has improperly filed two separate documents purporting to be objections. The first set of objections was filed 19 days after the R&R was issued, which is beyond the allowable 14-day objection period. However, because the email notification of the R&R that was sent to Plaintiff "bounced" back, the Court mailed the R&R to Plaintiff on January 25, 2013, out of an abundance of caution to ensure that the R&R would be received by Plaintiff. Because Plaintiff's first set of objections were filed within 14 days of the date on which the Court mailed the R&R to Plaintiff, the Court will accept Plaintiff's first set of objections as timely filed, in the interests of justice.

Plaintiff's second set of objections were filed 43 days after the R&R was issued and are clearly untimely. Therefore, the Court rejects them as untimely. In any event, the Court has reviewed Plaintiff's second set of objections and finds nothing contained therein to be persuasive.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2013.

                                      s/Deborah J. Goltz
                                      DEBORAH J. GOLTZ
                                      Case Manager